IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI PELTON CLUCK, CEDRIC HEFFNER, ALAN KABAKOFF, and BRIAN SWANSON, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>IKON OFFICE SOLUTIONS, INC., an Ohio Corporation,<br><br>Defendant._____/ | No. C 11-05027 JSW<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE** |

This matter comes before the Court upon consideration of the motion filed by Defendant IKON Office Solutions, Inc. ("IKON") to stay proceedings, or, in the alternative, to transfer the case to the United States District Court for the Central District of California where a related case is currently pending. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for May 11, 2012 is HEREBY VACATED. The Court has considered the parties' papers, the relevant legal authority, and the record in this case, and HEREBY GRANTS the motion to transfer.

**BACKGROUND**

On September 26, 2011, Parhum Zadeh filed a putative class action against IKON and Ricoh Americas Corporation in Los Angeles Superior Court, which was removed, asserting that IKON violated California Labor Code Section 2802 and California Business and Professions Code section 17200 by failing to reimburse "Account Executives" for all necessary business expenditures ("the *Zadeh* Action").

In this action, Plaintiffs Cluck, Heffner, Kabakoff, and Swanson ("Cluck Plaintiffs") filed their claims against IKON on October 12, 2011, seeking reimbursement for business expenses and alleging violation of the Unfair Competition Law on behalf of "Sales Representatives" employed by IKON in California.

IKON moves to stay this action pursuant to the first-to-file rule or, in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a).[1]

The Court shall address additional facts as necessary in its analysis.

## ANALYSIS

**A.  Legal Standard for Motion to Transfer Venue.**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally, for the convenience of the parties and witnesses, and in the interest of justice.  The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

A district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  In order for a district court to transfer an action under Section 1404, the court must find that the transferee court is one where the action "might have been brought." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  The parties agree that this action could have been brought in the Central District of California.  Thus, IKON has met its burden to establish the first prong.  The Court also must find that the convenience of the parties and witnesses and the interest of justice favor transfer. *See id.*

**B.  The Convenience Factors Weigh in Favor of Granting IKON's Motion to Transfer.**

To determine whether IKON has met its burden to show that the convenience of the parties and witnesses favor transfer, the Court may consider the following factors: (1) a

---

[1]  The Court exercises its discretion to transfer the matter for the purpose of promoting judicial efficiency and to avoid possible prejudice caused by delay should this matter be stayed.

2

plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to sources of proof; (4) local interest in the controversy; (5) familiarity of each forum with the applicable law; and (6) relative congestion in each forum. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### 1. Plaintiffs' Choice of Forum.

Generally, a court should give deference to a plaintiff's choice of forum unless a defendant can show that other factors of convenience clearly favor a different forum. *See Decker Coal Co.*, 805 F.2d at 843. However, a plaintiff's choice of forum is not conclusive when a previously filed lawsuit involving the same or similar issues has been proceeding in another forum. *See, e.g., Shelby v. Factory Five Racing, Inc.*, 2009 WL 481555, at *4 (C.D. Cal. Apr. 14, 2009) (transferring matter from plaintiff's forum of choice to another district where action dealt with similar parties and issues and was first filed there). Further, as deference accorded to a plaintiff's choice of forum decreases, a defendant's burden to upset the plaintiff's choice of forum also decreases. *Chodock v. American Economy Ins. Co.*, 2005 WL 2994451, *3 (D. Ariz. Nov. 7, 2005) (quoting *Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 482 (D. Del. 1987)).

In this case the majority of Cluck Plaintiffs live in the Central District, as does their counsel, rendering their choice of the Northern District confusing. Regardless, this Court finds that the existence of a similar lawsuit involving an overlapping class of plaintiffs, against the same defendant, over the same time period, with regard to the same or similar legal issues militates in favor of transfer. In sum, in the presence of a related, ongoing action in the Central District, the Court will afford Plaintiffs' choice of forum some deference, but not the substantial weight that would be afforded under a stronger showing of the parties' contacts with this district, occurrence of operative facts in this district, or a particular interest in the parties or subject matter in this district.

3

### 2. Convenience of Parties and Witnesses.

Next, the Court takes into account the relative convenience to all the parties and their witnesses. *See Decker Coal Co.*, 805 F.2d at 843 (citing *Gulf Oil Corp.*, 330 U.S. at 508). With respect to the parties, this factor appears to weigh in favor of transfer as three of the four named Cluck Plaintiffs reside in the Central District and the same witnesses from the *Zadeh* Action would be called to testify.[2] Allowing the witnesses to appear once in a single venue is more convenient that requiring them to appear multiple times in multiple venues. *See Alexander v. Franklin Res., Inc.*, 2007 WL 518859, at *3 (N.D. Cal. Feb. 14, 2007) ("With respect to the convenience of the parties, appearing in a single district is more convenient than appearing in two difference districts."); *Jolly v. Purdue Pharma L.P.*, 2005 WL 2439197, at *2 (S.D. Cal. Sept. 28, 2005) (finding that it is more convenient for witnesses to appear in a single district); *Papaleo v. Cingular Wireless Corp.*, 2007 WL 1238713, at *2 (N.D. Cal. Apr. 26, 2007) (holding that "transfer would be substantially more convenient for each such witness, because such witnesses would not be required to engage in duplicative litigation or travel to two different forums to attend court proceedings.").

Accordingly, the Court finds this factor weighs in favor of transfer.

### 3. Ease of Access to Sources of Proof.

The Court also weighs the relative ease of access to sources of proof. *See Decker Coal Co.*, 805 F.2d at 843. IKON contends that class members and IKON offices are spread throughout California and that the Central District's subpoena power extends throughout the state, rendering this factor neutral.

Accordingly, the Court finds this factor to be neutral.[3]

---

[2] IKON also argues that Plaintiffs' lawyers are located in the Central District. Although curious, the convenience to plaintiffs' counsel is not entitled to any weight on a motion to transfer. *See, e.g.., San Francisco Technology, Inc. v. The Glad Products Co.*, 2010 WL 2943537, *9 (N.D. Cal. July 26, 2010) (citing *In re Zimmer*, 609 F.3d 1378, 1381 (Fed. Cir. 2010)).

[3] Although not briefed by the parties, the Court finds the factors of locale of controversy, relative congestion of the courts, and the forums' familiarity with the law to be neutral.

4

### C. The Interests of Justice Weigh in Favor of Granting Allied's Motion to Transfer.

"In determining whether to transfer a case ... the district court must determine whether the 'interests of justice' dictate such a transfer." *Sherar v. Harless*, 561 F.2d 791, 794 (9th Cir. 1977). The interests of justice refer to "those public-interest factors of systemic integrity and fairness." *Stewart*, 487 U.S. at 30. These interests include "whether efficient and expeditious administration of justice would be furthered." *Sherar*, 561 F.2d at 794. In this matter, because there is a first-filed related matter in the Central District, the Court finds that the interests of justice and judicial economy will be served by transfer and likely consolidation. *See, e.g., Jolly*, 2005 WL 2439197, at *2 ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplic[ative] litigation and inconsistent results.")

The Court finds that this action is relatively new and resolving this venue motion is the first investment of Court resources. Accordingly, transfer will not result in a waste of judicial resources or unnecessary duplication of effort. Further, the Court finds that the related action in the Central District was first-filed and has been proceeding. Accordingly, the Court concludes that litigating this case in the Central District of California would promote the efficient and expeditious administration of justice.

### CONCLUSION

The Court concludes IKON has met its burden to show that transfer under Section 1404(a) is warranted. Accordingly, the Court GRANTS IKON's motion to transfer this matter. The Clerk shall transfer this action to the Central District of California forthwith and shall close this Court's file.

**IT IS SO ORDERED.**

Dated: May 8, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5